Tbe opinion of tbe Court was delivered by
WITHERS, J.
Pending an action of trover, tbe defendant, at the suit of another suing creditor, obtains a discharge in pursuance of tbe insolvent debtor’s laws, a bond for tbe forthcoming of tbe chattel sued for in trover having been given under tbe trover Act of 1827, — tbe question is, shall such discharge as an insolvent debtor prevent tbe plaintiff in trover from prosecuting bis action to a recovery ?
Tbe Act of Assembly of 1827, in relation to actions of trover, directs tbe bond, with surety therein required of tbe defendant, to be conditioned for tbe forthcoming of tbe chattel sued for, “ to satisfy tbe plaintiff’s judgment, in case be should recover against tbe defendant, and such specific chattel shall be liable to satisfy the plaintiff’s judgment to tbe exclusion of other creditors.”
It is manifest that tbe plaintiff cannot have tbe benefit of tbe bond at all, as against tbe principal or tbe surety, unless be should “recover” against tbe defendant in trover. (“Eecover” is tbe word, and whether a verdict rendered without judgment being entered, may be enough to give tbe plaintiff tbe fruits of tbe bond, is not a point in this cause.)
If we reverse the decision on circuit, and thus estop this plaintiff from obtaining a recovery, we render the Act of 1827 wholly nugatory in that precise class of cases to which its remedy was meant to apply. It is not matter of any doubt, that a security for tbe production of a plaintiff’s chattel was intended, or its value in lieu of it, for tbe satisfaction of bis recovery exclusively, instead of remitting him, as tbe prior law of trover did, to a perfectly barren judgment *334 in case of tbe defendant’s insolvency; in wbicb case a plaintiff saw bis property, judicially ascertained to be bis, appropriated by a prior judgment creditor, or at best assigned as assets wherein be could only partake pro rata.
. Sucb a result, constantly occurring and so directly in conflict with tbe most common and obvious rule of right, led to tbe remedial legislation of 1827. We must not forget tbe duty of administering the whole statute law that may bear upon a case or a question, where any sensible construction may permit it, so as not to destroy tbe efficacy of one measure by causing that of another to override it.
Looking at tbe general object and scope of tbe insolvent debtor’s law of 1759, it appears to have aimed at tbe relief of poor and insolvent “ prisoners” for “ debt,” and those in jail bounds were afterwards placed in that class. If we were to confine our view of those who are tbe beneficiaries of this Act, to sucb as were “ debtors,” and those' against whom tbe relief is granted, to sucb as are “creditors,” according to tbe plainest interpretation of those terms; and if we add to this tbe consideration, that a distribution of the insolvent’s assigned assets is to be among those who are suing creditors and sucb others also as may come in within twelve months after tbe discharge and render “ an exact account on oath of tbe several debts and demands to them owing,” (wbicb is a scheme of tbe Act,) we should exclude from the purview of tbe Act all actions of tort where uncertain and unascertained damages are sought; for a plaintiff in sucb an action, pending, would not be a suitor in character of “creditor,” sucb a demand would not yet be a “debt,” it would not be capable of rendition to tbe assignee in tbe shape of “ an exact account upon oath,” or if it should be so rendered tbe “demand” wpuld be of just sucb amount as a plaintiff or other applicant might think proper to state and ratify by oath. But there is a difficulty in tbe way of bolding that “demands” in tbe nature of damages claimed for torts alleged, whether prose-. *335 cutecl by action or not, are not sucb as a defendant may be discharged from, or from suits therefor; since the enacting clause of the Act extends its provisions to “ any person or persons whatsoever, hereafter sued, impleaded, or arrested, for any debt, duty, demand, cause or thing whatsoever, (except for such matters, causes or things as are hereinafter excepted.)” Persons sued for any and every such cause are to be discharged, it seems, by the terms of the law, except as therein excepted; and yet it will occur to any mind, that it is not practicable to afford justice to those who are seeking the recovery of specific property, real or personal, or damages in lieu of it, (as, for example, in actions to try title to land or trover for a chattel,) if by operation of the insolvent laws, applied pendente lile, the defendant is to be released, and still the plaintiff be cut off from all participation in the assets assigned.
However the matter suggested might be decided, if it were necessary, or may be if it ever becomes so, there is a sufficient reason to say that the action of trover, brought under the Act of 1827, shall be allowed to proceed to a recovery, notwithstanding the discharge of the defendant as insolvent, while the action is pending. Otherwise the Act of 1827 really becomes nugatory, and this must not be permitted. This action is to try the title to a horse; the<plaintiff has a conditional lien on the chattel, to become absolute and exclusive upon a recovery, and upon that alone. How shall he have this legal right, unless he be permitted to proceed to recovery ? If the horse were included in the schedule (and it is said he is not, though we are uninformed as to this) yet, the plaintiff has not reached a point where he can assert his title and seize. If the horse be not included in the schedule, the plaintiff and all others are deprived of so much as assets, even if the plaintiff could come in and present "an exact account on oath” of his “ demand.” This might be a very disagreeable mode to other creditors to enlarge the basis of *336 dividends, for if suitors in actions of tort are to advance principal sums on their own estimates, upon oath even, as the subjects for dividends, claims may be recognized that may have no foundation in law or fact, and the dividends of bona fide “ creditors,” in the clear sense, those upon note, account, or other contract, and those upon judgment, may be grievously attenuated. If, again, the horse in the present case be included in the schedule, rendered by the defendant, and the plaintiff in the pending action can come in for dividends, (his claim on oath being substituted for a recovery,) he will have to share the value of the horse, his own exclusive property, with others, and treat what is wholly his own as of the assets of one who never had a particle of right to it. Nor can this plaintiff secure his rights by virtue of the provision of the Act of 1759, permitting the proof of mortgages and trust deeds, for the bond in trover pendente lite, cannot be thus enforced, as is plain from the terms of it and from what has been already said.
From the case of Crane & Martin, 4 Rich. 251, we derive little aid. The defendant there took his discharge in the very case, and it was on a liquidated demand, for judgment was obtained by default. Prom such a suit, pending or in judgment, the defendant was clearly discharged. The question, on motion to set it aside, was, whether the defendant could have estopped the plaintiff' otherwise than by pleading his discharge puis darrein continuance. It was ruled he could set aside the judgment on motion, notwithstanding he had not resorted to such means of defence.
We are satisfied, therefore, the decision on circuit was agreeable to justice and according to law, and the motion is consequently dismissed.
Wardlaw, Whither, Glover, and Mohro, JJ., concurred.

Motion dismissed.